JEFFERSON D. COLLINS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 12, 1911.

STREET RAILROADS: Fences: Horse Killed Through Failure to Fence. In a suit to recover the value of a horse struck by one of defendant's cars, plaintiff's statement alleged that the injury occurred at a point on defendant's road where "it might lawfully have enclosed with a fence, that it was not at said time enclosed by a lawful fence, and was not the crossing of a public highway." *Held*, that the statement is sufficient under section 5428, Revised Statutes 1909 (section 2867, R. S. 1899) and, as the allegations amount to statements of fact, the statement does not allege a mere conclusion.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben F. White* for appellant.

(1) The petition states no cause of action under the double damage act, because it is not alleged that the place where the horse entered the right of way was one required by that section to be fenced; it does not state one under the single damage act (sec. 2867) because no facts are alleged which show that the right of way might have been fenced; nothing but a conclusion of law. Radcliffe v. Railroad, 90 Mo. 133; Redmond v. Railroad, 104 Mo. App. 655. (2) The demurrer should have been sustained because of a total failure of the plaintiff to show: (a) That the place where the accident occurred, the defendant's track was not fenced. This, of course, is fatal, if true, and we have not been able to find even a hint at any such evidence. (b) That the horse was killed or injured by a street car of defendant, or how he was hurt. (c) The place where the horse entered the right of way, or even the place where he was injured, if at all, by a car. Acord v. Railroad, 113 Mo. App. 98. (d) That the place where the accident occurred was one which might have been enclosed by a fence. Plaintiff attempted to make such a showing as to the north side of the track, but made no attempt as to the south side of the track. (e) No negligence was proven. Redmond v. Railroad, 104 Mo. App. 655. (3) The court erred in giving plaintiff's instruction numbered 1: (a) It does not require the jury to find the existence of such facts as are necessary to show that defendant might have fenced its tracks. This is a question for the jury. (b) Neither does it require the jury to find that the right of way was not, in fact, fenced. (c) It does not require the jury to find anything in reference to the

place where the horse went upon the track. (d) There was no evidence upon which to base the instruction.

*A. N. Adams* for respondent.

(1) The petition states a good cause of action, both under section 2867, 1899 (section 5428, R. S. 1909), and at common law. Wymore v. Railroad, 79 Mo. 247; Aubuchon v. Railroad, 52 Mo. 522; Calvert v. Railroad, 38 Mo. 468; Meadows v. Railroad, 82 Mo. App. 90; Stout v. Railroad, 125 S. W. 232. As to defendant being a railroad, see: Revised Statutes 1909, sec. 5439; Hannah v. Railroad, 81 Mo. App. 78. (2) The court properly overruled defendant's demurrer to plaintiff's evidence. Oyler v. Railroad, 113 Mo. App. 375; Kerr v. Railroad, 113 Mo. App. 1; Geiser v. Railroad, 61 Mo. App 462; Keltenbaugh v. Railroad, 34 App. 148; Bectenwald v. Railroad, 121 Mo. App. 602. (3) The court did not err in giving plaintiff's instruction number one. Ratcliffe v. Railroad, 90 Mo. 134; Redmond v. Railroad, 104 Mo. App. 656; Wymore v. Railroad, 79 Mo. 247.

BROADDUS, P. J.—This is a suit by the owner to recover the value of a horse alleged to have been struck by one of defendant's cars on a portion of its track, which might have been, but was not, fenced.

The cause originated in a justice's court. It was tried upon the following amended statement: "Plaintiff states that defendant is and was at all times hereinafter mentioned, a corporation, organized under the laws of Missouri, running, maintaining and operating a railroad in said state; that plaintiff on the 21st day of November, 1905, was the owner of a certain animal of the value of two hundred dollars, to-wit: A chestnut sorrel horse, sixteen and one-fourth hands high, seven years old, named Prince; that on said day in Kaw township, Jackson county, Missouri, said horse's leg was broken by the cars, locomotives and other car-

riages used by the defendant on its said railroad, and then and there being run and operated by defendant's agents and servants; that the injury to said horse rendered him valueless, and was of such a character that the horse was killed; by reason of said injury to said horse plaintiff is damaged in the sum of two hundred dollars.

"Plaintiff further states that the place at which said horse was injured was one which defendant might lawfully have enclosed with a fence; that it was not at said time enclosed by a lawful fence, and was not the crossing of a public highway. Wherefore plaintiff prays judgment in the sum of two hundred dollars and costs of this suit."

The plaintiff recovered judgment for one hundred dollars and the defendant appealed. The evidence of plaintiff went to show that the horse was struck on defendant's line of railroad at a point where there was no station and no crossing of roads or streets. The defendant introduced no evidence.

The following instruction was given at the instance of plaintiff: "The court instructs the jury that if you find from the evidence that the defendant, by its agents or servants, in the month of November, 1905, ran its electric car over and against plaintiff's horse at or about the place mentioned in evidence, in Jackson county, Missouri, at a point on said road that was not in the crossing of a public highway, and at a point or territory where there were no streets crossed by the defendant's road, then plaintiff is entitled to recover of defendant the value of said horse as shown in the testimony, not exceeding two hundred dollars, without any proof of negligence, unskillfulness or misconduct on the part of the officers, servants or agents of defendant, provided you believe from the evidence that the horse was so injured, by being run over or against by defendant's electric car, if such happened, as to be of no value."

It is contended that the statement does not contain a cause of action. We think it does, as it alleges that the injury occurred at a point on defendant's road where it "might lawfully have enclosed with a fence; that it was not at said time enclosed by a lawful fence, and was not the crossing of a public highway." The statement is sufficient under section 2867, Revised Statutes 1899. The argument that it alleges a mere conclusion, we think is unsound. The allegations amount to statements of fact.

We can see no objection to the instruction. The jury were told what facts they must find existed at the time the animal was struck. They were such facts as plaintiff was required to establish under the provision of said section, before he was entitled to recover. We do not believe that a technical error occurred during the trial. Affirmed. All concur.